UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANNE ROSINSKI,

                              Plaintiff,                          **DECISION AND ORDER**
V.                                                                     08-CV-0005S(Sc)

DRS EW & NETWORK SYSTEMS, INC.,

                              Defendant
_____

## I. INTRODUCTION

Plaintiff Joanne Rosinski alleges that her former employer, Defendant DRS EW & Network Systems, Inc. ("DRS"), discriminated against her because of her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("NYHRL").  Presently before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim.[1]  Defendant has not requested oral argument, and this Court has determined that oral argument is unnecessary.  For the reasons stated below, Defendant's Motion is denied.

## II. BACKGROUND

On February 26, 2007, Plaintiff filed administrative complaint number 10116338 with the New York State Division of Human Rights ("DHR").  Complaint, Docket No.1 at 9.  The

---

[1] In support of its Motion to Dismiss, Defendant filed a memorandum of law and a reply memorandum.  Plaintiff filed a memorandum of law in opposition to defendant's Motion and a supporting affidavit with exhibits.

administrative complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"), and assigned Federal Charge Number 16GA701840. *Id*. The DHR investigated Plaintiff's allegations and issued a determination based on its findings. *Id*. at 15. On September 28, 2007, the EEOC adopted the DHR's findings and issued a Notice of Suit Rights advising Plaintiff that a lawsuit based on the allegations in her administrative complaint must be filed within 90 days of her receipt of the Notice. *Id*. at 17. Plaintiff alleges she received the EEOC's Notice on October 1, 2007. *Id*. at 3, ¶ 12. There is no dispute that the 90th day thereafter was Sunday, December 30, 2007.

Plaintiff's *pro se* Complaint[2] was received at the Court Clerk's office on Wednesday, January 2, 2008, and filed on January 4, 2008. On February 4, 2008, Defendant moved to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the Complaint was untimely filed. Docket No. 5 at 2.

### III. DISCUSSION

**A.   Time Limitations and the Doctrine of Equitable Tolling**

To maintain an action under 42 U.S.C § 2000e-5, a plaintiff must ordinarily file a timely charge with the EEOC, receive from that agency a right to sue letter, and file an action within 90 days of receipt of that letter. Banks v. State University of New York at Buffalo, No. 06-CV-239S, 2007 U.S. Dist. LEXIS 20529, at *16 (W.D.N.Y. Mar. 21, 2007); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Cornwell v.

---

[2] Although Plaintiff commenced this action *pro se*, she subsequently obtained counsel who entered an appearance on January 18, 2008.

2

Robinson, 23 F.3d 694, 706 (2d Cir. 1994); 42 U.S.C § 2000e-5(f)(1).  "The Second Circuit construes Title VII's time limits as analogous to a statute of limitations."  Banks, 2007 U.S. Dist. LEXIS 20529, at *16 (citations and internal quotation marks omitted).  "[T]he failure to bring suit within the statutory filing period is a ground for dismissing a complaint in the absence of a recognized equitable consideration."  Hassan v. N.Y. City Off Track Betting Corp., No. 5 Civ. 9677, 2007 U.S. Dist. LEXIS 15261, 2007 WL 678422, at *3 (S.D.N.Y. Mar. 6, 2007) (citing Skeete v. IVF Am., Inc., 972 F. Supp. 206, 209 (S.D.N.Y 1997)).  So, "[w]hile the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day."  Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984).

"[E]quitable tolling is only appropriate in [ ] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted) (alteration in original).  The United States Supreme Court has recognized four situations where principles of equity may support tolling in Title VII cases: (1) where a claimant does not receive sufficient notice of suit rights from the EEOC; (2) during the pendency of a claimant's motion for appointment of counsel; (3) where the court has led a plaintiff to believe she has done everything required of her; or (4) where affirmative conduct by the defendant has lulled a plaintiff into inaction.  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (citations omitted).  "[A] district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time

3

period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. Zerilli-Edelglass, 333 F.3d at 81 (citation and internal quotation marks omitted).

### B.     Analysis

Defendant urges that strict application of Title VII's time limits is appropriate here, and that dismissal is required because Plaintiff filed her Complaint after her 90-day window to commence an action had expired.

Plaintiff acknowledges that her Complaint was filed more than 90 days after she received her Notice of Suit Rights, but urges that equitable tolling is warranted in this case. Because the 90th day fell on Sunday, December 30, 2007, Plaintiff's last day for filing ordinarily would have been Monday, December 31, 2007. Fed. R. Civ. P. 6(a)(3). However, the Chief Judge for the District closed the Courthouse on December 31, 2007,[3] making the Courthouse inaccessible for commencing an action, and January 1, 2008 was a legal holiday. *Id.* 6(a)(3), (4)(A). Plaintiff therefore contends that the 90-day period ended on January 2, 2008. This Court agrees with Plaintiff's calculation.

To meet the January 2nd deadline, Plaintiff express mailed her Complaint on December 31, 2007, to the Court Clerk's office. Affidavit of Joanne Rosinski, Docket No. 8, ¶ 5, Exhibit C. Plaintiff attests that she relied on the instructions for employment discrimination complaints posted on the Court's website to compose and file her Complaint. *Id*., ¶ 3, Exhibit B. The instructions directed Plaintiff to pay to the Court Clerk

---

[3] The Court takes judicial notice of this fact.

4

a $150.00 filing fee.  *Id*.  Therefore, she enclosed with her Complaint a check dated December 30, 2007, in the amount of $150.00.  *Id*., Exhibit A.  A Clerk's office employee accepted delivery of Plaintiff's package on the morning of January 2, 2008.  *Id*., Exhibit B.  On January 3, 2008, the Clerk's office notified Plaintiff by phone message that the applicable filing fee was, in fact, $350.00.  *Id*., ¶ 7; *see* 28 U.S.C. § 1914(a).[4]  Plaintiff did not receive the message until she returned home from work that day, after the Clerk's office had closed.  *Id*., ¶ 7.  On January 4, 2008, Plaintiff went to the Clerk's office and paid the additional $200.00.  *Id*., ¶ 7, Exhibit E.  The Clerk's office filed Plaintiff's Complaint, which it had retained, upon receipt of the full filing fee.  *Id*., ¶ 8; Docket No. 1.  Plaintiff urges that, based on the foregoing facts, equitable tolling is warranted.

In reply, Defendant contends that Plaintiff unreasonably waited until the end of the 90-day period to file her Complaint, and that the reasons given for the untimely filing are not extraordinary, but rather, "garden variety."  The Court is not persuaded by Defendant's cited cases, all of which are distinguishable.

Defendant first cites to <u>Wanamaker v. Columbian Rope Co.</u>, a case in which the plaintiff submitted his complaint to the court clerk within the limitations period, but did not tender a filing fee.  713 F. Supp. 533, 539 (N.D.N.Y. 1989).  The court clerk returned the complaint to the plaintiff due to that failure.  *Id*.  By the time the plaintiff resubmitted his complaint with the filing fee, it was one day past the limitations period applicable to some of his claims.  *Id*.  The district court strictly construed the limitations period and dismissed certain claims as untimely.  *Id*.  However, there is no indication that the plaintiff sought

---

[4] This Court notes that it confirmed, on September 26, 2008, that the instruction form Plaintiff refers to still appeared on the Court's website with the incorrect filing fee information.  The Clerk's office was alerted to that error and it has since corrected the document.

equitable tolling or offered any excuse for his failure to tender a filing fee.  In short, Wanamaker is not an equitable tolling case; it stands only for the proposition that, absent equitable considerations, the 90-day filing period will not be extended.  While this Court acknowledges this general principle, Wanamaker does not speak to the question presented here; whether Plaintiff has demonstrated that she acted with reasonable diligence and that the circumstances are so extraordinary as to warrant equitable tolling.

Defendant next contends that South v. Saab Cars USA, Inc. compels the conclusion that Plaintiff did not exercise reasonable diligence.  28 F.3d 9 (2d Cir. 1994).  In South, plaintiff-appellee's Title VII complaint was filed eighteen days after the 90-day deadline expired.  *Id.* at 10.  The district court declined to dismiss the action as untimely, and the employer appealed.  The Second Circuit reversed, finding the following facts significant.  The plaintiff in South was represented by counsel, who acknowledged that he was familiar with federal procedures for filing a complaint and accomplishing service.  *Id.* at 10-11.  Despite that knowledge, counsel chose to forward the complaint to a sheriff's office one day prior to the expiration of the filing period, stating that he assumed the sheriff also would know how to file a complaint in federal court.  *Id.*  In Connecticut, the sheriff apparently effectuates service pursuant to state law.  *Id.* at 10, n.1.  While the sheriff apparently did attempt to serve the complaint (unaccompanied by a summons), there was no attempt to file the complaint within the 90-day time period.  *Id.* at 10.  The complaint eventually was filed eighteen days late, and proper service was effected thereafter.  *Id.*  The Second Circuit concluded that counsel did not act diligently to file the complaint when he turned the matter over to a state officer late in the filing period and did not take further steps to ensure that the federal procedures with which he was familiar would be followed.  *Id.* at 12.

6

Here, Plaintiff appears to have carefully followed the Court's written instructions for filing her *pro se* employment discrimination complaint.  She used the complaint form for employment discrimination actions provided by the Clerk's office, appended all required attachments, affirmed her allegations under "penalty of perjury" as directed, and included a personal check for the stated fee amount.  Her documents were completed and signed on December 30, 2007, prior to the 90-day deadline, and they were timely delivered to the Court Clerk on January 2, 2008.  But for the erroneous filing fee information in the Court's instructions, Plaintiff's Complaint would have been timely filed on January 2, 2008.  Once Plaintiff was advised of the true statutory filing fee, she immediately acted to remit the remainder to the Court.  These circumstances are readily distinguished from counsel's actions in South, and there is no indication here that Plaintiff failed to act diligently.

Finally, Defendant relies on Aljadir v. University of Penn. to urge that Plaintiff's circumstances are not extraordinary.  547 F. Supp. 667 (E.D. Pa. 1982).  In Aljadir, the *pro se* plaintiff filed his discrimination complaint 91 days after receiving the EEOC's notice of right to sue.  *Id.* at 668.  He alleged that he failed to file his claim within the 90-day period because the clerk's office gave him incorrect information on the 90th day.  *Id*. at 670.  The decision does not identify the nature of the purportedly erroneous information or state whether the plaintiff offered any evidence in support.  *Id.*  The plaintiff did admit that he made no effort to file his complaint from the date he received the EEOC notice until the last day of the filing period.  The district court, without elaboration, held that the circumstances did not present any equitable considerations which would prompt tolling.  *Id.*

Elsewhere in its decision, the Aljadir court cited the Tenth Circuit's decision in Carlile v. South Routt Sch. Dist. RE 3-J, 652 F.2d 981 (10th Cir. 1981), but did not discuss or

7

distinguish the facts of that case, where equitable tolling was found to be warranted due to the plaintiff's reliance on information from the clerk's office. In Carlile, the *pro se* plaintiff submitted her right to sue letter to the district court and received from the court clerk's office motion and affidavit forms for the appointment of counsel, with instructions for filing same. *Id.* at 982-83. The court granted her motion before the expiration of the 90-day period, and her assigned counsel received an order from the district court stating that "this action shall be deemed commenced upon filing of the aforesaid Motion [to appoint counsel]." *Id*. at 983. In a letter to the plaintiff, counsel confirmed his understanding that her action had been commenced by her motion, and that a complaint must be filed within 90 days of his appointment. *Id.* The complaint was filed within 90 days of counsel's appointment, but 141 days after the plaintiff received her EEOC notice. *Id.* The Tenth Circuit affirmed the district court's refusal to dismiss the case as untimely, noting that the district court had unilaterally extended the time for filing and counsel had relied on the court's statement. *Id.* at 986. The Supreme Court subsequently cited Carlile for the proposition that tolling may be appropriate where the court has led a plaintiff to believe that she has done all that was required of her. Baldwin County, 466 U.S. at 151.

     Courts in this Circuit, relying on Baldwin County, have granted equitable tolling under circumstances similar to those presented here. For example, in Nielsen v. Flower Hosp., the plaintiff obtained a Title VII pleading form from the court, filled it out, and presented it, along with an application to proceed *in forma pauperis*, within the statutory filing period. 639 F. Supp. 738, 739, 745 (S.D.N.Y. 1986). The defendant moved to dismiss on the ground that the complaint was untimely filed and, in any event, the action was not properly commenced because the complaint did not meet the Rule 8 pleading

requirements. The second ground is most relevant to the instant case and so, is the only ground further discussed. The complaint form the plaintiff used specifically directed that he attach his "right to sue" letter, which he did, but the form did not explicitly direct him to attach his EEOC charge or to otherwise supply a detailed statement of facts in support of his claim. *Id.* at 745. The defendant urged that the lack of fact allegations rendered the complaint fatally defective and a nullity because it failed to give notice of the basis for the claim. As in this case, the Southern District later acknowledged that the form it had issued was defective and amended it. The court found that it did not matter whether the plaintiff's reliance on the defective, court-issued form was more accurately characterized as a case of inadequate notice or of the court leading the plaintiff to believe that he had done everything required of him. *Id.* at 747. In either case, it held, "equity dictates that plaintiff should not be deprived of his available remedies under Title VII because he relied on a [court document] now acknowledged to be inadequate on its face." *Id.* The court went on to find that the plaintiff was diligent in pursuing his claim because he submitted his pleading form and all other documents he was expressly directed to file within the statutory period and, when alerted to the defect, he acted promptly to correct it. *Id.* at 748.

This Court finds the instant circumstances far more similar to Carlile and Nielsen than to Aljadir. Like the plaintiffs in the former cases, Plaintiff here made submissions to the Court in compliance with Court-issued directives within the statutory period. Aljadir did not. Plaintiff, like Carlile and Nielsen, provided evidence of the erroneous information on which she relied. There is no indication that Aljadir did so.

It is also of note that courts in this Circuit have applied the reasoning of Carlile, as adopted in Baldwin County, in the *habeas* context, where the question of equitable tolling

9

arises far more frequently.  See Nelson v. United States, 380 F. Supp. 2d 100, 104 (N.D.N.Y. 2005) (equitable tolling applied where the petitioner relied on court's erroneous assertion that he need not seek an extension of time for filing and its subsequent assurance that he would be granted a 60-day extension to file); Davidson v. United States, No. 00-CV-00869, 2000 U.S. Dist. LEXIS 17334 (N.D.N.Y. Nov. 20, 2000) (equitable tolling applied where the petitioner relied to his detriment on a written assurance from the court that the relevant period of limitation did not apply to him).

On the facts presented here, this Court concludes that Plaintiff should not be penalized for her careful adherence to erroneous procedures published by the Clerk's office.  Had the instructions for filing a discrimination complaint included the correct fee information, Plaintiff's Complaint would have been timely filed.  When Plaintiff was notified of the error, she acted promptly to remit the additional funds she was told she owed.  In sum, this is precisely the kind of rare and exceptional circumstance that numerous courts have recognized justifies equitable tolling.  "[T]he 'remedial purpose of the [civil rights] legislation as a whole' would be defeated if aggrieved plaintiffs were absolutely barred from pursuing judicial remedies by reason of excusable failure to meet the time requirement." Johnson, 731 F.2d at 146 (quoting Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 398, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982) (alteration in Johnson)).

### IV.  CONCLUSION

For the reasons stated, Plaintiff's time for filing her Complaint is equitably tolled to January 4, 2008, and Defendant's Motion to Dismiss is denied.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No.4) is DENIED.

SO ORDERED

Dated:   November 18, 2008
         Buffalo, New York


     /s/William M. Skretny
     WILLIAM M. SKRETNY
     United States District Judge